In re SOUTHWEST SUPERMARKETS, LLC, Southwest Holdings, LLC, Debtors.

Daniel P. Collins, Trustee for the Bankruptcy Estate of Southwest Supermarkets, LLC; Southwest Holdings, LLC, Plaintiffs,

v.

Kohlberg and Company, et al., Defendants.

Bankruptcy Nos. 2–01–bk–14805–PHX–RJH, 2–01–bk–14812. Adversary No. 03–ap–00945.

United States Bankruptcy Court, D. Arizona.

Sept. 25, 2007.

Curt W. Clausen, Lucia Stark Williamson LLP, Phoenix, AZ, Marty Harper, Gary D. Ansel, Andrew S. Jacob, Kelly J. Flood, Rebekah W. Francis, Shughart Thomson & Kirlroy, for Plaintiffs.

Daniel P. Collins, Collins, May, Potenza, Baran & Gillespie, P.C., Chapter 11 Trustee.

Charles A. Blanchard, Richard M. Lorenzen, Perkins Coie Brown & Bain, PA, for Kohlberg and Company, KSSI Management, Koco Investors I.

Leslie G. Fagen, Robert N. Kravitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York City, for Kohlberg and Company.

Richard A. Segal, Sean P. O'Brien, Gust Rosenfeld, PLC, for Defendant Miller and Park.

William Novotny, Robert A. Shull, Mariscal, Weeks, McIntyre & Friedlander, for Defendants Vigil, Beaith, Sielaff, Gaubert, Williams, Vannatta, Gentles and Gioia.

James E. Cross, Dawn L. Dauphine, Osborn Maledon, P.A., for Defendants Peck, Paine, Lacovara, Jerome Kohlberg, James Kohlberg, Gildehaus, Frieder, Farley, Dordelman, Capone, Bhonsle, KSSI G.P. II, KSSI G.P. and Kohlberg and Company, L.P.

Doug Tobler, Hammond & Tobler, P.C, for Geele.

Howard W. Meyer, for Kromer.

## OPINION VACATING PORTION OF PREVIOUS OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

■ This issue here, again, is whether, under Delaware law, the officers and directors of a wholly owned subsidiary owe fiduciary duties to the subsidiary, or only to its parent. In *Collins I*,[1] this Court concluded that the Delaware Supreme Court's decision in *Anadarko*[2] held the subsidiary's directors' fiduciary duties were owed only to the parent, and not to the subsidiary, when the subsidiary was

---

1. *Collins v. Kohlberg & Co. (In re Southwest Supermarkets, LLC)*, 315 B.R. 565, 575–76 (Bankr.D.Ariz.2004)(hereafter *Collins I* ).

2. *Anadarko Petroleum Corp. v. Panhandle Eastern Corp.*, 545 A.2d 1171, 1174 (Del. 1988)("[I]n a parent and wholly-owned subsidiary context, the directors of the subsidiary are obligated only to manage the affairs of the subsidiary in the best interests of the parent and its shareholders.").

wholly owned. Subsequently, however, the Court invited the parties to address whether the Court should reconsider that conclusion in light of two subsequent decisions [3] from courts sitting in Delaware.

The Court now concludes that its initial reading of *Anadarko* was overly broad, and that Delaware law does impose fiduciary duties on the officers and directors of a wholly owned subsidiary that run directly to the subsidiary itself, and not only to its sole shareholder. This conclusion rest on three independent grounds.

First, it is beyond dispute that the *Anadarko* court's statement is dictum as applied in this context. The facts of *Anadarko* did not raise the issue of whether any fiduciary duty was owed directly to the subsidiary. The only issue in *Anadarko* was whether fiduciary duties were owed to prospective shareholders, either in addition to or in lieu of duties owed to the sole shareholder, the parent. Consequently when that Court stated that "the directors of the subsidiary are obligated only to manage the affairs of the subsidiary in the best interests of the parent," the significance of the key word "only" was to distinguish whether duties might also have been due to the prospective shareholders, not to distinguish whether duties might also have been owed to the subsidiary itself.

Moreover, the *Anadarko* opinion itself cautioned that it should be "confined to its specific facts." [4]

It would be a startling and dramatic departure from settled law to conclude that officers and directors do not owe any fiduciary duty to the corporation they serve. It requires more than dictum to convince this Court that Delaware has made such a dramatic change in long-settled law.

Defendants do not cite any case decided since *Anadarko* in which a defalcating director obtained dismissal of a suit brought by the corporation he served on the ground that the corporation was a wholly owned subsidiary so no fiduciary duty was owed to it. Such a lack of holdings would be surprising if *Anadarko* in fact established that rule of law. Instead, however, the quotations from *Anadarko* on which defendants rely have been cited only in dictum. Moreover, even some of that dictum suggests that is not the rule of *Anadarko*.

Second, lower courts sitting in Delaware have not so read and applied *Anadarko*. In *Scott Acquisition*, the Delaware bankruptcy court specifically rejected this Court's broad reading of *Anadarko* in *Collins I*.[5] While the interpretation of state law by a federal court sitting in that state is not binding, it is certainly entitled to greater weight than this Court's conclusions. Indeed, the Supreme Court has said that a federal court sitting in the state is in a better position than is the Supreme Court itself to predict that state's law.[6]

---

3. *Claybrook v. Morris (In re Scott Acquisition Corp.)*, 344 B.R. 283 (Bankr.D.Del.2006); *Production Resources Group LLC v. NCT Group, Inc.*, 863 A.2d 772, 791–92 (Del.Ch.2004).

4. 545 A.2d at 1177.

5. 344 B.R. at 287 ("I do not believe that *Anadarko* advances this position [as concluded in *Collins I*] .... *Anadarko* did not address the situation addressed here. Nor did *Anadarko* radically alter a director's fiduciary obligations to the corporation as the defendants

suggest [citation omitted]. In fact, the majority of courts following *Anadarko* have explicitly rejected the defendants' interpretation as 'overly broad,' " citing *First Am. Corp. v. Sheikh Al–Nahyan*, 17 F.Supp.2d 10, 26 (D.D.C.1998); *In re Mirant Corp.*, 326 B.R. 646, 651 (Bankr.N.D.Tex.2005)).

6. *Butner v. U.S.*, 440 U.S. 48, 57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)("The federal judges who deal regularly with questions of state law in their respective districts and circuits are in a better position than we to determine how

This Court is certainly in no better position than is the U.S. Supreme Court.

The Third Circuit has cited *Scott Acquisition* with approval.[7] And the Third Circuit's analysis of the potential conflict of interest between a director's duty owed to a wholly owned subsidiary and to the parent/shareholder would not have been necessary if there simply were no fiduciary duty owed to the wholly owned subsidiary.

Moreover, subsequent to *Anadarko* the Delaware Chancery Court held that fiduciary duties do run directly to the subsidiary, rather than to the parent, even when the subsidiary is wholly owned. In *Cochran v. Stifel*,[8] a director sued the parent for indemnification for attorneys fees incurred in litigating or arbitrating a claim that he had breached fiduciary duties owed to the subsidiary of which he was a director. The issue was whether the indemnification claim was governed by 8 Del. C. § 145(a), which applies to "third party actions, not to actions brought by or in the right of the corporation, or by § 145(b), which applies to actions brought by or in the right of the corporation." The parent argued that the breaches of fiduciary duty was an action "by or in the right" of the parent.[9] The Delaware Chancery court rejected that argument, concluding instead that the subsidiary was asserting fiduciary duties owed directly to itself, rather than directly to the parent. This conclusion could not have been possible if *Anadarko* held what this Court concluded that it did in *Collins I*, because then there would have been no fiduciary duties owed to the

subsidiary, so the action must have been in the right of or on behalf of the parent.

The Chancery Court's opinion made clear that it was basing its holding on the conclusion that Delaware law has not eliminated directors' fiduciary duties owed to wholly owned subsidiaries:

> Nor am I inclined to read into § 145 an automatic conflation of a parent corporation and its wholly-owned subsidiary. Our law has traditionally respected the separate existences of a parent corporation and its wholly-owned subsidiary, absent circumstances justifying veil piercing or the conclusion that the wholly-owned subsidiary was the parent's agent.
>
> . . . . .
>
> In *Rales v. Blashand[Blasband]* [634 A.2d 927 (Del.Supr.1993)] ... the Court implicitly recognized the presumptive independence of the subsidiary board.... Put simply, under *Rales*, a double derivative action is ultimately brought 'in the right of' the subsidiary, not the parent.
>
> . . . . .
>
> That is, I conclude that the General Assembly took a formalistic approach to the relationship between a parent corporation and the director of a subsidiary the parent elected, and did not assume that corporate parents invariably direct and control the directors of their subsidiaries. Rather, a showing that the director merely 'served at the request of' the parent is insufficient under § 145 to prove 'agency' status; the director must go farther an demonstrate that he was the parent's agent under the traditional agency definition.

---

local courts would dispose of comparable issues.").

**7.** *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 635–36 (3d Cir.2007).

**8.** *Cochran v. Stifel Financial Corp.*, 2000 WL 286722 (Del.Ch.2000)(unpublished), *aff'd in*

*part and rev'd in part on other grounds*, 809 A.2d 555 (Del.2002).

**9.** *Id.* at *11 ("[The parent] claims that any action brought by a wholly-owned subsidiary is, by definition, brought 'by or in the right' of the subsidiary's corporate parent.").

Indeed, the facts of *Stifel* dramatically indicate the shocking results *Anadarko* would yield if it were read overly broadly. It would mean that when a director self-deals at the expense of his corporation, as was alleged in *Stifel,* the corporation itself cannot sue for breach of fiduciary duties if it happens to be wholly owned, though it would have such a cause of action if just one share of its stock were owned by someone other than the parent.

Finally, even if *Anadarko* did divest wholly owned subsidiaries of fiduciary duties, such a rule does not apply when there is more than one shareholder. Once the subsidiary becomes insolvent, Delaware law recognizes that the fiduciary duties shift to the creditors.[10] Once they do, the effect is that there is more than one equitable beneficiary of those duties. Thus even under a broad reading of *Anadarko,* it cannot apply in the insolvency context when multiple creditors are the beneficiaries of the fiduciary duties.

For these reasons, those portions of this Court's previous opinion concluding that Delaware law eliminates officers' and directors' fiduciary duties owed to a wholly owned subsidiary [11] are vacated. Because the parties have settled this litigation, this opinion has no effect except to correct an erroneous published analysis.

---

**10.** *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla,* 930 A.2d 92, 101 (Del.Supr.2007)("When a corporation is *insolvent,* however, its creditors take the place of the shareholders as the residual beneficiaries of any increase in value. Consequently, the creditors of an *insolvent* corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duties."

(emphasis in original)); *In re Ontos, Inc.,* 478 F.3d 427, 432 (1st Cir.2007)("Under Delaware law, creditors of an insolvent corporation are owed fiduciary duties when the corporation is insolvent in fact," citing *Geyer v. Ingersoll Publ'ns Co.,* 621 A.2d 784, 787–88 (Del.Ch.1992)).

**11.** *Collins I,* 315 B.R. at 575–76.